UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD A. KERLEY, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE METHODIST HOSPITALS, INC.<br><br>Defendant. | ) <br> ) CASE NO: 2:20-cv-00369 <br> ) <br> ) <br> ) CLASS ACTION <br> ) <br> ) <br> ) COLLECTIVE ACTION PURSUANT <br> ) TO 29 U.S.C. §216(B) <br> ) |

## COMPLAINT

Plaintiff Richard A. Kerley (hereinafter "Kerley"), on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys and for his Complaint against The Methodist Hospitals, Inc. (hereinafter "Methodist"), states as follows:

## NATURE OF CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*, and Indiana state law for Methodist's failure to pay Kerley and other similarly situated employees overtime and regular wages.

2. Kerley pleads his FLSA claim as a collective action under Section 216(b) of the FLSA.

3. Kerley, individually and on behalf of all other similarly situated employees, by and through his counsel, also brings a class action against Methodist pursuant to the Federal Rules of Civil Procedure Rule 23 for violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.*

4. Kerley and other similarly situated persons are current and former hourly paid employees of Methodist who were not paid for all hours worked and reported. Specifically, Methodist maintains a practice of time shaving that causes Kerley and other similarly situated individuals to be underpaid by at least 30 minutes each shift worked.

## THE PARTIES

5. At all relevant times hereto, Kerley resided in Lake County, Indiana.

6. Methodist is an Indiana corporation with its principal place of business located at 600 Grant Street, Gary, Indiana, within this judicial district.

7. Kerley is employed by Methodist as a Cardiology Technician I and has been since September 24, 2018.

8. At all times relevant hereto, Kerley and other similarly situated individuals hourly paid workers were Methodist's "employees" pursuant to the FLSA, 29 U.S.C. § 203(e)(1).

9. At all times relevant hereto, Methodist was the "employer" of Kerley and other similarly situated individuals hourly paid workers, as defined by the FLSA, 29 U.S.C. § 203(d).

10. During the course of Kerley's employment by Methodist, Kerley was not exempt from the overtime wage provisions of the FLSA.

11. Other similarly situated employees who worked for Methodist were not exempt from the overtime wage provisions of the FLSA.

12. Methodist is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

13. Methodist is an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

14. Methodist's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, within each of the last three (3) years.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over Kerley's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Kerley's Indiana state law claims pursuant to 28 U.S.C. §1367.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the facts and events giving rise to Kerley's claims occurred in this judicial district.

## FACTUAL BACKGROUND

17. Kerley and other similarly situated individuals worked for Methodist as hourly paid employees at Methodist's hospital locations in Gary (the Northlake Campus) and/or Merrillville (the Southlake Campus), Indiana. Kerley has worked shifts at both the Northlake Campus and Southlake Campus within the two-year period immediately preceding this Complaint.

18. Kerley, as well as all current and former hourly paid employees, are not, and were not, compensated for all of their compensable hours worked.

19. Methodist's common policy and practice requires that all hourly paid employees, including Kerley, record their hours worked by swiping their ID Access Control Badge in an electronic timekeeper at the time they report to work each shift and the time they stop working each shift.

20. Despite the fact that Kerley and all other similarly situated hourly paid employees performed actual compensable work for Methodist from the time punch at the beginning of their shift to the time punch at the end of their shift, Methodist maintained a common practice and policy of always deducting 30 minutes from each shift worked when calculating hours worked for the purposes of paying these employees their wages.

21. All hours that Kerley and other similarly situated hourly paid employees record from the time punch at the beginning of each shift to the time punch at the end of each shift is compensable work time under the law.

22. Methodist properly tracks all compensable hours worked by Kerley and all other similarly situated hourly paid employees, but does not pay them for all these compensable hours worked in accordance with state and federal law. Rather, Methodist unlawfully "shaves" 30 minutes from each employee's compensable hours worked each shift. Methodist has no lawful basis to do so.

23. Because Methodist does not pay them for all recorded hours worked, Kerley and all other similarly situated hourly paid employees, are not, and were not, paid overtime for all hours worked over 40 in a workweek as mandated by the FLSA.

24. During his employment with Methodist, Kerley worked more than forty (40) hours in one or more individual workweeks. For example, during the pay period beginning December 8, 2019 and ending December 21, 2019, Kerley's pay stub reflects that he worked 73.90 regular hours and 2.20 overtime hours. As a result of Methodist's automatic deduction of 30 minutes per shift from Kerley's hours worked, Methodist failed to pay Kerley overtime wages in accordance with the FLSA.

25. Methodist failed to pay Kerley overtime wages as required by the FLSA for all hours worked in excess of forty (40) hours in individual work weeks.

26. During the prior three years, Methodist employed other similarly situated hourly paid nonexempt employees who worked more than forty (40) hours during one or more individual workweeks.

27. Methodist has failed to pay other similarly situated employees overtime wages as required by the FLSA for all hours worked in excess of forty (40) hours in individual work weeks.

28. Because Methodist does not pay them for all recorded hours worked, Kerley and all other similarly situated hourly paid employees, are not, and were not, paid all their earned wages as mandated by the Indiana Wage Payment Statute.

## **COLLECTIVE ACTION FACTUAL ALLEGATIONS**

29. Kerley, on behalf of himself and on behalf of all other similarly situated hourly paid employees, brings his unpaid overtime claims as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. *et seq.*

30. Kerley is similarly situated to other of Methodist's hourly paid employees in that they are all subject to Methodist's uniform work rules, time-keeping policies, and unlawful pay practices.

31. Methodist knew that Kerley and other similarly situated hourly employees performed work that required additional wages and overtime compensation be paid. Nonetheless, Methodist operated under a scheme, as described above, to deprive Kerley and all other employees similarly situated of overtime compensation.

32.     Methodist's failure to pay overtime compensation as required by the FLSA results from a decision, policy and/or practice applicable to Kerley and all other similarly situated hourly paid employees.   Application of this policy or practice does not depend on the personal circumstances of Kerley or those joining this lawsuit.   Rather, the same decision, policy and/or practice that resulted in the non-payment of overtime to Kerley applied to all current and former hourly paid employees of Methodist.   Accordingly, the class is properly defined as:

> **All current and former hourly paid nonexempt employees of Methodist who were employed at Methodist's Northlake and Southlake Campuses at any time during the three-year period preceding the filing of the Complaint in this action.**

33.     Methodist knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Kerley and all current and former hourly paid employees.

## CLASS ACTION ALLEGATIONS

34.     Kerley, on behalf of himself and on behalf of all other similarly situated hourly paid employees, brings a Class Action against Methodist pursuant to the Federal Rules of Civil Procedure, Rule 23, for violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.*

35.     The claims arising under Indiana state law are properly maintainable as a class action under Federal Rule of Civil Procedure 23.

36.     The class action is maintainable under subsections (1), (2), and (3) of Rule 23(b).

37.     The class (hereinafter referred to as those individuals "similarly situated" or

6

"class members") consists of:

      (i) individuals who currently are employed by Methodist or who voluntarily separated their employment with Methodist;

      (ii) who were paid on a hourly-rate basis;

      (iii) anytime during the two year period preceding the filing of this Complaint; and

      (iv) who were subjected to Methodist's policy and practice of deducting 30 minutes each shift from employees' compensable time worked when calculating wages due the employee.

38. The class size is believed to be in excess of 200 employees, and thus the class is so numerous that joinder of all members is impracticable.

39. Kerley will adequately represent the interests of the class members because he is similarly situated to the class members and his claims are typical of, and concurrent to, the claims of other class members.

40. There are no known conflicts of interest between Kerley and the other class members.

41. The class counsel, The Law Office of Robert J. Hunt, LLC and The Wolcott Law Firm, LLC, are qualified and able to litigate the class members' claims.

42. The Law Office of Robert J. Hunt, LLC and The Wolcott Law Firm, LLC concentrate their respective practices in employment litigation, and their attorneys are experienced in litigating multi-plaintiff cases arising under federal and state wage and hour laws.

43. Common questions of law and fact predominate in this action because the class members are all subject to the same decision, policy and/or practice whereby Methodist deducted 30 minutes each shift from employee's wages without reason, and the legal claims of all class members are based on whether Methodist policy and practice violates the Indiana Wage Payment Statute, I.C. § 22-2-5-1 *et seq.*

44. The class is maintainable under subsection (1) of Fed. R. Civ. P. 23(b) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying outcomes in the cases and/or outcomes for individual litigants that would have bearing on all of the other individuals in the group.

45. The class action is maintainable under subsections (2) and (3) of Fed. R. Civ. P. 23(b) because Kerley seeks injunctive relief with respect to the class as a whole, common questions of law and fact predominate among the class members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### COUNT ONE: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT (OVERTIME COLLECTIVE ACTION)

46. Kerley hereby incorporates by reference paragraphs 1 – 45 of this Complaint.

47. During the relevant time period, Methodist has violated and is violating the provisions of Sections 7 of the FLSA, 29 U.S.C. § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty

hours without compensating these employees for their employment in excess of forty hours per week at rates no less than one and one-half the regular rates for which they were employed. Methodist has acted willfully in failing to pay Kerley, and those similarly situated, in accordance with the law.

### COUNT TWO:   FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA CODE §§22-2-5 *et. seq.* (CLASS ACTION)

48. Kerley hereby incorporates by reference paragraphs 1 – 47 of the Complaint.

49. During the relevant time period, Methodist has violated and is violating the provisions of Indiana Code §22-2-5 *et. seq.* by failing to pay all wages earned by Kerley and those similarly situated. Methodist has acted in bad faith in failing to pay Kerley, and those similarly situated, in accordance with the law.

### PRAYER FOR RELIEF

WHEREFORE, Kerley, on behalf of himself and those similarly situated, demands judgment against Methodist in his favor and request that the Court grant the following relief:

a) Order Methodist to file with this Court and furnish to class counsel a list of all names, telephone numbers, home addresses and email addresses of all hourly paid employees who have worked for Methodist at its Northlake and Southlake Campus locations within the last three years;

b) Authorize Kerley's counsel to issue notice at the earliest possible time to all hourly paid employees who have worked for the Methodist within the last three years,

informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of regular wages and overtime compensation, as required by the FLSA;

c) Certify a class for Count Two;

d) Appoint The Law Office of Robert J. Hunt, LLC and The Wolcott Law Firm, LLC as counsel for the Plaintiffs;

e) An Order pursuant to Section 16(b) of the FLSA finding Methodist liable for unpaid back wages due to Kerley (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Kerley (and those who have joined the suit);

f) An Order pursuant to Indiana Code §22-2-5 *et. seq.* finding Methodist liable for all unpaid wages due to Kerley and class members, plus payment of liquidated damages;

g) An Order awarding the costs of this action;

h) An Order awarding reasonable attorneys' fees;

i) An Order preliminarily and permanently restraining Methodist from engaging in the aforementioned state law pay violations;

j) A Declaration and finding by the Court that Methodist willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

k) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

l) An Order granting such other and further relief as may be necessary and

appropriate.

                                    Respectfully submitted,

                                    s/ Robert J. Hunt  
                                    Robert J. Hunt (#30686-49)  
                                    Robert F. Hunt (#7889-84)  
                                    THE LAW OFFICE OF ROBERT J. HUNT, LLC  
                                    1905 South New Market Street, Ste 168  
                                    Carmel, Indiana 46032  
                                    Telephone:   (317) 743-0614  
                                    Facsimile:    (317) 743-0615  
                                    E-Mail: rob@indianawagelaw.com  
                                                rfh@indianawagelaw.com

                                    s/Christopher S. Wolcott  
                                    Christopher S. Wolcott (#23269-32)  
                                    THE WOLCOTT LAW FIRM LLC  
                                    450 East 96th Street, Suite 500  
                                    Indianapolis, Indiana 46240  
                                    Telephone:   (317) 500-0700  
                                    Facsimile:    (317) 732-1196  
                                    E-Mail: indybuck@hotmail.com